Prosight Specialty Mgt. Co., Inc. v Altruis Group, LLC

2026 NY Slip Op 03131

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Prosight Specialty Management Company, Inc., et al., Appellants,

v

Altruis Group, LLC, Respondent.

Decided and Entered: May 19, 2026

Index No. 653775/23|Appeal No. 6660|Case No. 2025-00967|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Fishkin Lucks LLP, New York (Steven Aaron Loterstein of counsel), for appellants.

Tressler LLP, New York (Anthony M. Tessitore of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered September 18, 2024, which denied plaintiffs' motion for summary judgment on their breach of contract and declaratory judgment claims and dismissing defendant's counterclaim for breach of contract, unanimously affirmed, without costs.

The motion court found that the contractual language at issue was ambiguous and properly considered extrinsic evidence to interpret its meaning (see Nova Cas. Co. v Peter Thomas Roth Labs, LLC, 178 AD3d 468, 468 [1st Dept 2019]). Whereas the first sentence of the relevant contractual provision authorized and obligated defendant to perform "all" of certain "Minimum Services" set forth in the parties' Niche Management Agreement (NMA) and NMA Amendment, the second sentence stated that, at plaintiffs' sole option, defendant shall perform "some, all, or none of the Minimum Services." Taking both sentences together, it is unclear which—some, all, or none—of the Minimum Services defendant was to provide, unless specifically requested to do so by plaintiffs.

Deposition testimony and other evidence bolstered defendant's interpretation that under the NMA Amendment, defendant was obligated to perform any of the delineated Minimum Services for a "captive insurance customer" (Captive) when specifically requested to do so by plaintiffs, as plaintiffs were exploring and developing their Captive business. Defendant, for its part, likewise was ramping up its capacity to provide such services, as identified by plaintiffs and as needed by a particular Captive. Given the parties' obligations and intentions, defendant's interpretation was "sensible, practical, fair, and reasonable" (MPEG LA, LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 17 [1st Dept 2018], lv denied 32 NY3d 912 [2018]).

To the extent issues of fact exist as to whether defendant undertook its required development so that it could perform "some, all, or none" of the Minimum Services as required by plaintiffs, summary judgment is precluded.

We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026